IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| WILLIAM ALBERTO MORENO CORTEZ, | ) | |
| Petitioner, | ) | |
| v. | ) | 1:26-cv-2835 (AJT-IDD) |
| MARKWAYNE MULLIN, *et al.*, | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Willaim Alberto Moreno Cortez's Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 seeking release from Immigration and Customs Enforcement ("ICE") custody on the grounds that his ongoing detention violates the Immigration and Nationality Act (the "INA"), his constitutional due process rights, and the INA's implementing regulations. Upon consideration of the filings, and for the reasons stated below, the Petition is **GRANTED**.

## I. BACKGROUND

Petitioner is a native and citizen of El Salvador who is alleged to have entered the United States in 2015 at or near the U.S.-Mexico port of entry and expressing fear of returning to his country. [Petition] at ¶ 40; [Doc. No. 4-2] at 2. On December 1, 2015, USCIS conducted a Credible Fear Interview and determined that Petitioner had a credible fear of persecution in El Salvador; they then placed Petitioner in removal proceedings by issuing him a Notice to Appear charging him with being present in the United States without being admitted or paroled, [Doc. No. 4-2] at 2–3, and released him on bond. [Doc. No. 1-3]. On November 30, 2016, an Immigration Judge ("IJ") ordered Petitioner removed to El Salvador but granted him withholding of removal to El

Salvador under the Convention Against Torture. *Id.* Neither party appealed that decision, rendering it administratively final. *Id.* Petitioner was placed on an Order of Supervision ("OSUP"), the terms of which he complied with for eight years. [Petition] at ¶ 42.

On August 27, 2026, Petitioner reported for a scheduled check-in in Baltimore, Maryland where he was detained by ICE officials and, after he refused to sign a document consenting to his removal to Mexico, he was transferred to the Washington Hold Room in Chantilly, Virginia. *Id.* ¶ 44. The same day, Petitioner was served with a Warrant of Removal, Notice of Removal to Mexico, and a Notice of Removal indicating their intent to remove him to Mexico. [Doc. No. 4-2] at 4; [Doc. No. 4-3]. Unlike in many similar cases before this Court, Respondents did not serve Petitioner with any notice formally revoking his OSUP or outlining the reasons for the revocation, pursuant to 8 CFR § 241.4(*l*). [Petition] at ¶ 64; [Doc. No. 5] at 6–7. Petitioner is currently detained at the ICE Washington Field Office. [Petition] at ¶ 44.

On September 1, 2026, Petitioner requested a fear screening as to Mexico, but none has occurred to-date. [Doc. No. 5] at 12.

## II. LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted).

## III. DISCUSSION

Petitioner contends that (1) his detention violates 8 U.S.C. § 1231(a)(6) and his due process rights (Counts I, III); (2) the revocation of his OSUP violates the INA's implementing regulations and the *Accardi* doctrine (Count IV); and (3) his potential removal to Mexico (a third country not

identified on his removal order) without IJ review of his negative fear determination violates his due process rights (Counts II, V). [Petition] ¶¶ 49–71.[1] In opposition, Respondents contend that Petitioner's detention is lawful because he has been detained for less than six months and therefore satisfies *Zadvydas v. Davis*, 533 U.S. 678 (2001); and Petitioner is not entitled to immigration judge review of a negative fear determination of removal to a third country. [Doc. No. 4].

A. The Revocation of Petitioner's Order of Supervision Violated *Accardi*

Petitioner claims that the revocation of his OSUP violates the INA Regulations, 8 C.F.R. §§ 241.4(*l*), and the *Accardi* doctrine, which requires an agency to follow its own procedures and regulations. *See Nader v. Blair*, 549 F.3d 953, 962 (4th Cir. 2008) ("[W]hen an agency fails to follow its own procedures or regulations, that agency's actions are generally invalid."). Under *Accardi*, any violation of an agency's regulations are subject to vacatur as long as the Petitioner suffered prejudice as a result of the violation. *United States v. Morgan*, 193 F.3d 252, 266–67 (4th Cir. 1999).

The INA's regulations create two different types of release following an order of removal. Under 8 C.F.R. § 241.4, "DHS may release a[] [noncitizen] under an order of supervision if it determines that the [noncitizen] would not pose a danger to the public or a risk of flight, without regard to the likelihood of the [noncitizen's] removal in the reasonably foreseeable future." *Garcia-Rivera v. Noem*, No. 1:26-CV-229-MSN-WBP, 2026 WL 1244545, at *2 n.3 (E.D. Va. Mar. 2, 2026) (quoting *Phommachak v. Wesling*, No. 25-13894-BEM, 2026 WL 157491, at *4 (D. Mass. Jan. 20, 2026)). Alternatively, DHS may release a noncitizen under 8 C.F.R. § 241.13 "based

[1] Because the Court concludes herein that Respondents violated 8 C.F.R. § 241.4(*l*) in revoking Petitioner's Order of Supervision, the Court does not address Petitioner's due process claim under 8 U.S.C. § 1231(a)(6) and *Zadvydas v. Davis*.

on a determination that there is no significant likelihood of removal to the country to which [the noncitizen] was ordered removed, or to a third country, in the reasonably foreseeable future." *Garcia-Rivera*, 2026 WL 1244545, at *2 n.3 (internal quotation marks omitted).

An order of release under section 241.4 may be revoked where (1) the purposes of release have been served, (2) the noncitizen violates any condition of release, (3) it is appropriate to enforce a removal order or commence removal proceedings, or (4) the conduct of the noncitizen indicates that release would no longer be appropriate. 8 C.F.R. § 241.4(*l*)(2). That regulation requires notifying the noncitizen of the "reasons for revocation of his or her release or parole" and afford the noncitizen "an initial informal interview promptly after his or his return to Service custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." *Id.* § 241.4(*l*)(1). As to who may exercise authority under Section 241.4(l)(2), the regulations provide that either the Executive Associate Commissioner ("EAC") can exercise their discretion to revoke release, or a district director can revoke release in the limited circumstance where "in the district director's opinion, revocation is in the public interest and circumstances do not reasonably permit referral of the case to the Executive Associate Commissioner." *Id.*

Here, Respondents purported to revoke Petitioner's OSUP under section 241.4 but provided no grounds for the revocation, whether in the form of a notice of revocation or otherwise. *See* [Doc. No. 5-1] at 2. [Petition] at ¶ 64; [Doc. No. 5] at 6–7.[2] In the absence of any reasons to demonstrate the relevant regulations are satisfied, and as was the case in *Hernandez Mendez*, a

[2] As Petitioner points out, rather than citing § 241.4(*l*)(1) or (2), "Respondents' own re-detention paperwork invokes § 241.4: the Notice of Imminent Removal they served on Petitioner is captioned as issued 'Pursuant to 8 C.F.R. § 241.4(g)(4).'" [Doc. No. 5] at 6 (referencing [Doc.. No. 4-5]).

materially identical case, Respondents revoked Petitioner's OSUP in violation of the applicable regulations. *See Hernandez Mendez v. Mullin*, 1:26-cv-1883, Doc. No. 8 (E.D. Va. Aug. 4, 2026). In *Hernandez Mendez*, the respondents could not satisfy the requirements of 8 C.F.R. § 241.4(*l*) through boilerplate language that the revocation decision "is a determination that revocation is in the public interest and circumstances do not reasonably permit referral to the Executive Associate Director." *See id.* And without any finding or explanation "as to why revocation of the order of supervision serves the public interest, or why circumstances did not reasonably permit referral of the case to the Executive Associate Commissioner . . . the Court cannot infer that to be the case—nor is it required to do so—where the regulations require such a determination." *Serpas v. Simon*, No. 1:25-CV-02369-AJT-WBP, 2026 WL 1244544, at *5 (E.D. Va. Feb. 3, 2026) ("[T]he requirement that a senior official make the determination to revoke release—that is, to restrict a person's liberty—is not merely a housekeeping requirement but instead part of a procedural framework, designed to insure the fair processing of an action affecting an individual, a violation of which can be deemed to be prejudicial and thus to implicate due process.") (internal quotations omitted).

For these reasons, the Court concludes that the revocation of Petitioner's OSUP was unlawful under the *Accardi* doctrine and holds, as it has repeatedly in similar recent Habeas cases, that the remedy due Petitioner is vacatur of the revocation and restoration of his prior OSUP. *See Gittens v. Crawford*, No. 1:25-cv-02408-AJT-IDD (E.D. Va. Feb. 25, 2026).

B. <u>Petitioner is Entitled to IJ Review of Any Negative Fear Determination as to Mexico</u>

In Count I, Petitioner claims that he is entitled to a fear screening and IJ review of the asylum officer's negative fear determination of his removal to Mexico, if the screening so results.

[Petition] ¶¶ 69–71. As it did in both *Benitez Pineda v. Noem, et al., 1*:25-cv-02337-AJT-WBP, Doc. No. 17 (E.D. Va. Mar. 2, 2026) and *Bautista Serpas v. Simon*, 2026 WL 1244544, at *4 (E.D. Va. Feb. 3, 2026), the Court concludes that Petitioner is entitled, as a matter of procedural due process, to IJ review of any negative fear determination to a third country of removal, as described in the regulations governing the analogous context, 8 C.F.R. §§ 208.31, 1208.31.[3]

[3] In response to the Court's initial order in this matter, Respondents did not address whether the factual and legal issues at issue here materially differ from those in *Benitez Pineda.* Respondents further reserved the arguments they made in *Bautista Serpas* and similar cases for appeal. [Doc. No. 4] at 2.

## IV. CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that the Petition be, and the same hereby is, **GRANTED**; and it is further

**ORDERED** that Petitioner be **RELEASED** from custody immediately subject to his Order of Supervision, which may not be revoked unless done so in compliance with the requirements of 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13; and it is further

**ORDERED** that if Petitioner is again detained in compliance with the applicable regulations, Respondents and all of their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them are **ENJOINED** from removing Petitioner from this judicial district and the continental United States unless (1) he has first received review by an immigration judge, pursuant to 8 C.F.R. § 208.31(g), of the United States Citizenship and Immigration Services asylum officer's negative decision regarding whether he has a reasonable fear of persecution or torture if removed to Mexico; and (2) all other requirements of 8 C.F.R. § 208.31(g) have been satisfied.

The Clerk is directed to send this Order to all counsel of the record, and to terminate the case.

September 9, 2026
Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge